**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Milbrandt,<br><br>            Plaintiff,<br><br>v.<br><br>Cody N Crosier and Sun West Mortgage Company Incorporated,<br><br>           Defendants. | No. CV-24-01583-PHX-KML<br><br>**ORDER** |

Plaintiff Pearl Milbrandt filed suit against Defendants Cody N. Crosier and Sun West Mortgage Company Inc. alleging violations of the Fair Debt Collections Practices Act, criminally extortionate debt collection, and failure to make required financial disclosures. Milbrandt was granted leave to proceed without prepayment of fees but upon further review the complaint will be dismissed with leave to amend. Milbrandt's motion to stay will accordingly be denied.

**I.     Background**

As best the court can understand, Milbrandt's complaint alleges she signed a loan agreement with an unnamed bank to purchase a home.[1] (Doc. 1 at 4, 20.) "When a person buys a home, he or she usually borrows money from a lending institution, such as a bank." *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 469 (2019). These loans generally

---

[1] Milbrandt variously describes this agreement as the "Loan Contract," "Financial Instrument," and "Promissory Note." (*See, e.g.,* Doc. 1 at 4, 21.) The court refers to this agreement as the "Loan Agreement."

require the homeowner to make monthly payments. *Id.* Milbrandt acknowledges that the bank credited the loan amount "to an account for [her] use." (Doc. 1 at 20.) But unlike a standard loan arrangement, Milbrandt claims that by entering the contract, her signature and social security number intrinsically generated value and "created new money that is claimed by the bank." (Doc. 1 at 6, 20-21.)

Because banks are not in the business of paying for individuals' signatures and social security numbers, Milbrandt was presumably expected to make payments in return for receiving a loan. And indeed, she alleges that the bank "demand[ed] [her] payments," albeit "without just cause." (Doc. 1 at 21.) It is unclear to what extent Milbrandt made payments to the bank. At various points the complaint requests "the money [Milbrandt has] paid towards [her] property" be returned to her, but elsewhere states that the property was already "paid in full" by the Loan Agreement. (Doc. 1 at 4.) Milbrandt also acknowledges that the Loan Agreement used to purchase her property is a "promise to pay." (Doc. 1 at 6.)

Irrespective of this payment history, Milbrandt alleges that the bank illegally "converted [the Loan Agreement] into a security through a trust or similar arrangement" and sold the financial instrument to an unnamed third party. (Doc. 1 at 21.) Milbrandt does not make clear the extent to which the financial instrument may have changed hands but claims that Crosier—the "Trustee" of an unidentified entity—and Sun West later contacted her in relation to the Loan Agreement. (Doc. 1 at 2, 4.) The content of those communications is also unclear from the complaint, but Milbrandt claims that she informed Crosier that her "house cannot be sold by anyone other than [her]." (Doc. 1 at 4.) She also alleges that she informed Crosier and Sun West that her property was paid in full by the Loan Agreement; demanded that they cease communicating with her and her family members regarding the property; and requested that they provide "a [d]ebt validation" and "[p]roof that a loan was given to [her] for the property." (Doc. 1 at 4.)

As a result of these interactions, Milbrandt filed her complaint alleging that Crosier and Sun West communicated with her in connection with a debt collection without her consent; improperly communicated with unnamed persons to acquire her location

information; used false, deceptive, or misleading representations or means in connection with a debt collection; refused to provide a requested debt validation or the original Loan Agreement; improperly charged interest on the Loan Agreement; and attempted to collect extensions of credit by extortionate means in violation of 15 U.S.C. §§ 1692b, 1692c, 1692e, 1692g, 1692l, 18 U.S.C. §§ 892, 894, and Federal Rule of Civil Procedure 37. (Doc. 1 at 3–4, 6, 30.)

Approximately six weeks after filing her complaint, Milbrandt separately filed a motion to stay a "pending federal court case." (Doc. 7 at 1.) Her motion attaches communications between her and Tiffany & Bosco, P.A., a law firm purporting to represent the current owner of the property following foreclosure. (Doc. 7 at 4.) It is unclear from the motion what Milbrandt is asking the court to stay. But based on her attached communications with Tiffany & Bosco, P.A., it appears Milbrandt is possibly asking to "stay" eviction proceedings that may not have started yet.

## II. Analysis

### A. In Forma Pauperis and Dismissal Standard

Milbrandt sought leave to proceed without prepaying fees or costs and the court granted her request. (Docs. 2, 5.) But when an individual proceeds without prepaying fees or costs, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

### B. Complaint Does Not Allege Plausible Claims

It is difficult to identify the factual or legal basis for Milbrandt's claims. As a general

matter, however, it appears that Milbrandt is attempting to bring both criminal and civil claims against both defendants. Milbrandt is not entitled to pursue any criminal claims because the authority to initiate a criminal action under Title 18 rests exclusively with federal prosecutors and that title provides no basis for civil liability. *See Allen v. Gold Country Casino,* 464 F.3d 1044, 1048 (9th Cir. 2006). And the criminal statutes that Milbrandt references, 18 U.S.C. §§ 892 and 894, do not contain any provisions allowing a private citizen to file suit. *Id*. Accordingly, to the extent Milbrandt is making claims under criminal laws, those claims are dismissed with prejudice.

### 1. FDCPA Claims

Milbrandt brings a number of claims under the FDCPA, which regulates the conduct of "debt collector[s]." 15 U.S.C. §§ 1692b, 1692c, 1692e, 1692g, 1692l. A "debt collector" is "'any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts.'" *Obduskey*, 586 U.S. at 468 (quoting 15 U.S.C. § 1692a(6)).

To pursue claims under the FDCPA, Milbrandt must allege sufficient facts showing the defendants qualify as "debt collectors." But Milbrandt has not alleged any facts to show that debt collection is the "principal purpose" of Crosier or Sun West nor has she alleged facts to show defendants "regularly collect[] or attempt[] to collect" debts. Indeed, her only specific mention of Crosier is that Crosier "harassed" her, and of Sun West that it "refused to send [her] what [she's] asked for" after she requested a "[d]ebt validation." (Doc. 1 at 4.) She alleges that unnamed debt collectors have "harass[ed]" her, "refused to show [her] their books of accounting or receipt for a check (loan)," and "extorted" her. (Doc. 1 at 4, 6–7.) It is unclear whether these conclusory statements refer to Crosier and Sun West, and in any event they constitute "unadorned" statements insufficient to state a claim. Additionally, to the extent that Crosier and Sun West attempted to contact Milbrandt in relation to a non-judicial foreclosure, such actions "do not constitute debt collection activities within the meaning of the FDCPA." *Cline v. Green Tree Servicing LLC*, 2015 WL 12938979, at *4 (D. Ariz. Dec. 8, 2015).

Separately, Section 1692l of the FDCPA delineates the authority of the Federal Trade Commission to enforce the FDCPA and accordingly is inapplicable here. Milbrandt's claims under 15 U.S.C. §§ 1692b, 1692c, 1692e, and 1692g are therefore dismissed without prejudice, and her claim under 15 U.S.C. § 1692l is dismissed with prejudice.

### 2. Federal Rule of Civil Procedure 37

Milbrandt also argues that she is entitled to certain disclosures from Crosier and Sun West, including "[p]roof that a loan was given to [her] for the property." (Doc. 1 at 4.) Milbrandt cites Rule 37 in support of this assertion, but the Federal Rules of Civil Procedure do not themselves provide a standalone cause of action. Moreover, Rule 37 allows parties to "move for an order compelling disclosure or discovery" but only after discovery has commenced, and Rule 26(d) prohibits a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)." No defendant has appeared and the parties have not conducted their Rule 26(f) conference. Milbrandt's invocation of Rule 37 is therefore also premature.

### 3. Limited Leave to Amend

Milbrandt will be granted limited leave to amend. An amended complaint must be retyped in its entirety and may not incorporate any part of the original complaint by reference. An amended complaint may not include any claims the court has dismissed with prejudice. Should she choose to file an amended complaint, Milbrandt must set forth in as much detail as possible the facts supporting the claims she wishes to assert against defendants. If Milbrandt files an amended complaint but that amended complaint still fails to state any claims for relief, the court may dismiss the amended complaint without further leave to amend.

## C. Motion to Stay

Because Milbrandt's complaint is dismissed, her motion to stay is denied. If Milbrandt seeks to stay a pending eviction, she will need to request relief in the forum where the eviction is proceeding. This court does not have jurisdiction over eviction

- 5 -

proceedings of another court. *See United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1013 (9th Cir. 1999).

Accordingly,

**IT IS ORDERED** the Motion to Stay (Doc. 7) is **DENIED**

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITH LIMITED LEAVE TO AMEND** in compliance with this order. Plaintiff shall file her amended complaint no later than **September 22, 2024**. The Clerk of Court is directed to enter a judgment of dismissal without prejudice in the event no amended complaint is filed by that date.

Dated this 23rd day of August, 2024.

Honorable Krissa M. Lanham
United States District Judge