**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Milbrandt,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Cody N Crosier and Sun West Mortgage Company Incorporated,<br><br>　　　　　Defendants. | No. CV-24-01583-PHX-KML<br><br>**ORDER** |

　　　　Plaintiff Pearl Milbrandt alleges defendants Cody N. Crosier and Sun West Mortgage Company Inc. cannot foreclose on her home because they did not provide the loan she used to purchase it. As a result of Crosier and Sun West's unspecified role in foreclosing on her home, Milbrandt filed an amended complaint alleging violations of the Uniform Commercial Code, Fair Debt Collections Practices Act, and the United States Constitution. (Doc. 9.) Milbrandt has not stated any plausible claim for relief and her complaint is dismissed without leave to amend.

**I.　　Background**

　　　　Milbrandt's amended complaint contains fewer facts than her original complaint. Like before, Milbrandt alleges she executed a promissory note and deed of trust to purchase a home but that an unnamed lender "cashed in and sold" that promissory note and deed of trust to a third party. (Doc. 9 at 2; Doc. 11 at 6.) She argues that as a result, the lender no longer owns the title or deed to her home and that attempts to foreclose on her property violate her "constitutional right to keep [her] property." (Doc. 9 at 2.) She requests that an

unnamed mortgage company, possibly Sun West, show that "they actually gave [her] a loan for [her] property." (Doc. 9 at 2.)

Ultimately this case appears to be about whether the original lender could sell its interest in a promissory note secured by a deed of trust to a third party and whether that third party could enforce the agreement by selling the home. Milbrandt argues the "bank mortgage business is an unconscionable scam" and because the third party never provided her with any consideration, no meeting of the minds occurred and "no True Contact exists." (Doc. 10 at 3, 7–8.) Milbrandt appears to argue that because the original lender assigned its interest in the contract to a third-party, a new contract was created that Milbrandt never consented to. She does not identify any terms in her original contract that prohibit this arrangement.

On the same day she filed her amended complaint, Milbrandt filed a "[n]otice of removal to stay at the federal level." (Doc. 10.) She did not specify which case she sought to remove to federal court but says it is "a foreclosure case, not a rental." (Doc. 10 at 1.) Milbrandt submitted documents with this notice purporting to be her "credit report stating mortgage balance is $0 (paid off)." (Doc. 10 at 2.) The first page of this document is titled "US Bank Home Mortgage" and says her original balance of $204,232 is "Paid off." (Doc. 10 at 5.) The second page is titled "Sun West Mortgage Co I," says her original balance of $239,250 is "Paid off," and that there were "4 late payments." These documents do not specify who "paid off" the balance and whether payments were made in compliance with the terms of the original agreement.

**II.    Analysis**

    **A.    In Forma Pauperis and Dismissal Standard**

Milbrandt sought leave to proceed without prepaying fees or costs and the court granted her request. (Docs. 2, 5.) But when an individual proceeds without prepaying fees or costs, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Under that standard, "a complaint must contain sufficient factual matter, accepted as true"

and viewed in the light most favorable to the nonmoving party "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

### B. Complaint Does Not Allege Plausible Claims

Milbrandt claimed violations of the Uniform Commercial Code, Fair Debt Collections Practices Act, and the United States Constitution. (Doc. 9 at 1–2.) She also alleged further violations of the FDCPA and TILA in her notice of removal. (Doc. 10 at 1.) Because Milbrandt has not alleged facts to support her claims, they are dismissed.

#### 1. Legality of Transaction

The central idea driving Milbrandt's claims is her belief that only the original parties to her promissory note can enforce the contract and foreclose on her home. She appears to argue that because the original lender assigned its interest in the contract to a third-party, a new contract was created that Milbrandt never consented to. In her amended complaint, she argued "[i]f no loan was given, the promissory note would be invalid" and "[i]f a bank issues a promissory note without actually providing a loan, it could be considered fraudulent." (Doc. 9 at 1.) She did not specify who did not "actually provid[e] a loan." Milbrandt's notice of removal argued that the "bank mortgage business is an unconscionable scam." (Doc. 10 at 7.) She also requested "proof of contract and evidence of exchange in accordance with the requirements of contracts, especially the requirement of consideration" from defendants, arguing that without this proof no meeting of the minds occurred and "no True Contact exists." (Doc. 10 at 3, 7–8.)

Milbrandt does not identify any terms in her original contract that prohibit this arrangement. And courts in the District of Arizona have repeatedly found that the events Milbrandt describe are legal under Arizona's Deed of Trust Act. Under this Act, a "'deed of trust' or 'trust deed' allows a qualified trustee to secure the performance of a contract or

contracts, such as a note or provisions of the deed of trust." *Nordeen v. Am.'s Wholesale Lender*, No. CV-10-0568-PHX-NVW, 2010 WL 3168638, at *4 (D. Ariz. Aug. 10, 2010); A.R.S. §§ 33–801(8), 33–801(4). "The beneficiary of a deed of trust may appoint a successor trustee at any time for any reason." *Id.*; A.R.S. § 33–804(B). The trustee has the power to sell the trust property "after a breach or default in the performance of the contract or contracts, for which the trust property is conveyed as security." A.R.S. § 33–807(A). In other words, if the original beneficiary appoints a successor trustee—such as defendants—that trustee can sell the property if the homeowner fails to uphold their side of the agreement, for instance, by failing to make payments under the conditions of the agreement.

Nonetheless, Milbrandt argues that "once your promissory note was cashed in and sold to investors for profit," the lender no longer owns the title or deed. (Doc. 9 at 2.) This appears to be similar to an argument that has been rejected many times in the District of Arizona. For instance, in *Ciardi v. Lending Co., Inc.*, plaintiffs argued that "the deed of trust has been 'rendered fatally defective' because it was severed from the promissory note" after the original lender sold their promissory note. *Ciardi v. Lending Co., Inc.*, No. CV10-0275-PHX-JAT, 2010 WL 2079735, at *3 (D. Ariz. May 24, 2010). The court rejected this argument. *Id.* at *1; *see also Nordeen*, 2010 WL 3168638 (finding that the successor to a deed of trust could foreclose on plaintiff's home).

Milbrandt's insistence that Sun West and Crosier produce the original note has also repeatedly been rejected by courts in this district. *See, e.g.*, *Contreras v. U.S. Bank*, No. CV09–0137–PHX–NVW, 2009 WL 4827016 (D. Ariz. Dec.15, 2009); *Blau v. America's Servicing Co.*, No. CV08–0773–PHX–MHM, 2009 WL 3174823 (D. Ariz. Sept.29, 2009); *Goodyke v. BNC Mortg., Inc.*, No. CV09–0074–PHX–MHM, 2009 WL 2971086 (D. Ariz. Sept.11, 2009). "[N]o Arizona law requires the trustee or beneficiary to possess the original note in order to exercise the power of sale granted by the Deed of Trust." *Nordeen*, 2010 WL 3168638, at *4. Milbrandt has cited no other authority to the contrary. Milbrandt argues federal law "is the supreme law of the land" and "trumps state law." (Doc. 10 at 11.)

But Milbrandt has not cited any federal law contradicting these state laws. And the federal laws she did invoke are inapplicable for the reasons discussed below.

### 2.     FDCPA Claims

Milbrandt claimed that Sun West and Crosier violated the FDCPA by making a "false, deceptive, or misleading representation." (Doc. 10 at 1 (quoting 15 U.S.C. § 1692e).) She also requested information "[u]nder FDCPA" to show how "the mortgage company obtain[ed] the mortgage," presumably in reference to the FDCPA's debt validation provisions that she cited in her original complaint. (Doc. 9 at 2; Doc. 1 at 4 (quoting 15 U.S.C. § 1692g).) The FDCPA regulates the conduct of "debt collector[s]." A "debt collector" is "'any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts.'" *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 468 (2019) (quoting 15 U.S.C. § 1692a(6)). Like her original complaint, Milbrandt did not allege any facts to show that debt collection is the "principal purpose" of Crosier or Sun West nor has she alleged facts to show defendants "regularly collect[] or attempt[] to collect" debts. Therefore, Milbrandt has no plausible FDCPA claim.

### 3.     TILA Claims

Milbrandt is attempting to pursue a claim under Section 1640(k)(1) of TILA, which authorizes consumers to assert a TILA claim "as a matter of defense."  (Doc. 10 at 1 (quoting 15 U.S.C. § 1640(k)(1).) However, Milbrandt is asserting this as a claim against, rather than a response to, Sun West and Crosier. And "as its plain language reveals, § 1640(k)(1) authorizes the debtor to bring . . . a claim as a defense in an action brought by the creditor, not as an affirmative claim." *Gochin v. Markowitz*, 791 F. App'x 342, 345–46 (3d Cir. 2019). Milbrandt has not alleged a viable TILA claim.

### 4.     UCC Claims

Milbrandt appeared to argue in her amended complaint that she is permitted to take possession of the collateral to the promissory note under UCC § 9-609, that Crosier and Sun West have not acted in good faith under UCC § 5-102(7), and they are not the "maker"

of the promissory note under UCC § 3-103(7). (Doc. 9 at 1.) To the extent Milbrandt is attempting to assert a claim under the UCC, she cannot do so. The UCC is merely a "collection of proposed model laws, drafted by the American Law Institute and the National Conference of Commissioners on Uniform State Laws, that are meant to serve as a guide for state legislatures when they draft statutes involving commercial contracts and related dealings." *Lamb v. Smith & Wamsley, PLLC*, No. CV-24-024-TUC-CKJ, 2024 WL 2133234, at *5 (D. Ariz. May 13, 2024) (quotation marks and citation omitted).

### 5. Constitutional Claims

Milbrandt also argued that under the "Fourteenth Amendment . . . no state can deprive any person of property without due process of law" and the "Fifth Amendment says to the federal government that no one shall be 'deprived of life, liberty or property [without] due process of law.'" (Doc. 9 at 2.) In her affidavit attached to her notice of removal, she also stated "Title 42 USC 1983-allows suit against certain government entities and state officials who, acting under the color of law, violate[] a person's constitutional right." (Doc. 10 at 11.) Milbrandt did not allege that any state or federal officials, acting under the color of law, violated her constitutional rights and no state or federal officials are named in her complaint. Accordingly, her constitutional claims are also dismissed.

### C. Notice of Removal

Milbrandt filed a "notice of removal to stay at the federal level," seeking to "have [her] case moved back to the federal level." (Doc. 10 at 1.) Milbrandt did not specify which case she is referring to but she appears to discuss her foreclosure action. (Doc. 10 at 1.) A defendant seeking to remove "any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446. Milbrandt did not properly remove any state-court action and the court need not take any action on the "notice of removal."

/

### D.     Emergency Motion to Enforce Rescission Letter

Finally, Milbrandt filed a "Emergency motion to Enforce Right to Recission letter based on Fraud." (Doc. 11.) This document was filed on a Maricopa Count Superior Court Civil Complaint form and purported to add Federal Home Loan Mortgage Corporation as an additional defendant. (Doc. 11 at 1.)

Milbrandt alleged she sent a letter on September 12, 2024 to rescind a transaction signed on August 4, 2022, and "they are refusing to honor my letter of rescission based on fraud and deception." (Doc. 11 at 2, 6.) Milbrandt did not specify the terms or parties of this transaction or who she believes is not honoring her rescission letter but she attached a copy of a "Notice of Rescission" sent to Sun West. (Doc. 11 at 8.) She also alleged that "the mortgage company" is not informing "the [a]ttorney representing them[,] Tiffany & Bosco P.A.," about her rescission notice, which appears to refer to the Federal Home Loan Mortgage Corporation. (Doc. 11 at 5.) Milbrandt did not move to amend her complaint to add FHLM as a defendant and did not allege any additional facts relating to FHLM's actions.

TILA provides borrowers "an unconditional right to rescind" certain loans for three days after the "consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later." *Jesinoski v. Countrywide Home Loans, Inc*., 574 U.S. 259, 261–62 (2015). After three days, borrowers "may rescind only if the lender failed to satisfy the Act's disclosure requirements." *Id*. at 262.

The relevant transaction occurred over three days ago and Milbrandt did not allege that Sun West failed to satisfy TILA's disclosure requirements. Therefore, the rescission attempt is untimely. In addition, the goal of this statute is to "to return the parties most nearly to the position they held prior to entering into the transaction." *Merritt v. Countrywide Fin. Corp*., 759 F.3d 1023, 1030–31 (9th Cir. 2014). If successful, Milbrandt would have also been expected "to pay back what she has received." *Id*. at 1033.

### E.     Leave to Amend

In general, "[t]he court should freely give leave" to amend a complaint. Fed. R. Civ.

P. 15(a)(2). But leave to amend is not appropriate when "'the amended complaint would be subject to dismissal.'" *Californians for Renewable Energy v. California Pub. Utilities Comm'n*, 922 F.3d 929, 935 (9th Cir. 2019) (quoting *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)). After receiving leave to amend, Milbrandt did not allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*Twombly*, 550 U.S. at 555). Milbrandt is denied leave to file another complaint because, under the laws Milbrandt invokes, additional facts would not state claims for relief. *See Oregon Clinic, PC v. Fireman's Fund Ins. Co.*, 75 F.4th 1064, 1073 (9th Cir. 2023) (noting leave to amend need not be granted when plaintiff could not allege additional facts consistent with a prior complaint).

Accordingly,

**IT IS ORDERED** the amended complaint (Doc. 9) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter judgment against plaintiff and close this case.

**IT IS FURTHER ORDERED** the Notice of Removal to Stay at the Federal Level (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** the Emergency Motion to Enforce Right to Rescission Letter Based on Fraud (Doc. 11) is **DENIED**.

Dated this 13th day of November, 2024.

Honorable Krissa M. Lanham
United States District Judge